IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-198-D
No. 5:18-CV-55-D

| | | |
|---|---|---|
| SILVESTRE CUADRA-NUNEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On February 12, 2018, Silvestre Cuadra-Nunez ("Cuadra-Nunez") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 180-month sentence [D.E. 118]. On March 26, 2018, the government moved to dismiss Cuadra-Nunez's section 2255 motion [D.E. 123] and filed a memorandum in support [D.E. 124]. On April 20, 2018, Cuadra-Nunez responded in opposition to the government's motion [D.E. 126]. As explained below, the court grants the government's motion to dismiss and dismisses Cuadra-Nunez's section 2255 motion.

I.

On June 15, 2015, pursuant to a plea agreement [D.E. 91], Cuadra-Nunez pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and a quantity of heroin in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (count one) and to one count of possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting in violation of 18 U.S.C. § 924(c)(1)(A), (c)(2) (count four). See [D.E. 62, 63, 92]. On September 15, 2015, at Cuadra-Nunez's sentencing hearing, the court calculated Cuadra-Nunez's total offense level to be 29, his criminal history category to be I, and his advisory guideline range to

be 120 months' imprisonment on count one, and 5 years' imprisonment consecutive on count four. See Sentencing Tr. [D.E. 93] 6. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Cuadra-Nunez to 180 months' imprisonment. See id. at 10–15.

Cuadra-Nunez appealed. On December 2, 2016, the United States Court of Appeals for the Fourth Circuit affirmed Cuadra-Nunez's conviction, enforced the appellate waiver in Cuadra-Nunez's plea agreement, and dismissed Cuadra-Nunez's appeal concerning his sentence. See United States v. Cuadra-Nunez, 664 F. App'x 349, 350–52 (4th Cir. 2016) (per curiam) (unpublished).

On February 12, 2018, Cuadra-Nunez filed his section 2255 motion [D.E. 118]. In his motion, Cuadra-Nunez alleges ineffective assistance of counsel and contends that his lawyer failed to investigate the drug weight underlying count one and the firearm underlying count four and to challenge the factual bases for pleading guilty to count one and count four. See id. at 5–22.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted tests a claim's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 320 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). The government may challenge the legal sufficiency of a section 2255 petition through a motion to dismiss under Rule 12(b)(6). See Rule 12, Rules Governing Section 2255 Proceedings; United States v. Frady, 456 U.S. 152, 166–68 n.15 (1982); United States v. Reckmeyer, 900 F.2d 257, at *4 (4th Cir. 1990) (unpublished table decision). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice

2

of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted); see Strickland v. Washington, 466 U.S. 668, 687–91 (1984). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012). A defendant is entitled to effective assistance of counsel when pleading guilty, and a guilty plea cannot stand if, due to ineffective assistance, it was involuntary or unknowing. See, e.g., Hill v. Lockhart, 474 U.S. 52, 56–57 (1985); Fields v. Attorney Gen., 956 F.2d 1290, 1296–97 & n.17 (4th Cir. 1992). Moreover, "sentencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001).

An individual alleging ineffective assistance of counsel must demonstrate that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance caused the individual prejudice. See Strickland, 466 U.S. at 687–88, 691–96; see also

3

Lafler, 566 U.S. at 162–65; Frye, 566 U.S. at 140–41; Hill, 474 U.S. at 57–58; Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Counsel need not file baseless motions or "raise every available nonfrivolous" argument to provide effective representation. See Knowles v. Mirzayance, 556 U.S. 111, 126–27 (2009). Rather, counsel's "reasonable appraisal of a claim's dismal prospects for success" is reason enough not to raise it. Id. at 127. Moreover, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

To demonstrate ineffective assistance of counsel, a party also must show that counsel's deficient performance prejudiced the party. See Strickland, 466 U.S. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. Because Cuadra-Nunez pleaded guilty, Cuadra-Nunez must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would instead have insisted on going to trial. See Hill, 474 U.S. at 59; Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted).

"[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. When analyzing an ineffective-assistance-of-counsel claim, a court may rely on its own familiarity with the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

4

Cuadra-Nunez alleges that his counsel failed to investigate the drug weight underlying count one and the firearm underlying count four and to challenge the factual bases of Cuadra-Nunez's guilty plea to count one and count four. At his arraignment, Cuadra-Nunez swore that he understood all of the rights that he would waive if he pleaded guilty, had discussed his plea agreement with counsel, was satisfied with counsel's legal services, and understood the terms of his plea agreement. See Rule 11 Tr. [D.E. 92] 6–7, 13–19, 23–26. Cuadra-Nunez also swore that he understood the elements of count one and count four, the maximum penalties for each count, that the guidelines were advisory, and that the court could sentence him up to the statutory maximum on each count. Id. Cuadra-Nunez then pleaded guilty to count one and count four, swore that he committed the crimes in count one and count four, and the government proffered a factual bases for each count. See id. at 26–33. Those sworn statements bind Cuadra-Nunez. See Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005).

Cuadra-Nunez has not plausibly alleged that his counsel failed to make a reasonable investigation of the criminal conduct underlying count one and count four or plausibly alleged why the court should have declined to accept his guilty plea to count one and count four. Cf. Premo v. Moore, 562 U.S. 115, 123–32 (2011); Glover, 531 U.S. at 201–02, 204–05; Strickland, 466 U.S. at 690–91. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions," such as admitting guilt and desiring to resolve the case with a plea agreement. Strickland, 466 U.S. at 691; see Premo, 562 U.S. at 123–25. Counsel's tactical decision not to make a baseless objection during the Rule 11 proceeding is entitled to deference. See, e.g., Knowles, 556 U.S. at 124–28; Strickland, 466 U.S. at 687–91; United States v. Surginer, 64 F.3d 661, at *2–3 (4th Cir. 1995) (per curiam) (unpublished table decision).

Moreover, at the sentencing hearing, the court expressly asked Cuadra-Nunez if he had any objections to the Presentence Investigation Report ("PSR") [D.E. 70], and Cuadra-Nunez answered, "No." Sentencing Tr. [D.E. 93] 6. Notably, the PSR recounted the factual bases for Cuadra-Nunez's guilty plea to count one and count four. See PSR ¶¶ 7–10. On this record, there was no deficient performance.

Alternatively, Cuadra-Nunez has failed to plausibly allege prejudice. See, e.g., Premo, 562 U.S. at 123–32; Knowles, 556 U.S. at 127–28; Bobby, 558 U.S. at 12; Strickland, 466 U.S. at 699–700. Thus, the claim fails.

After reviewing the claim presented in Cuadra-Nunez's motion, the court finds that reasonable jurists would not find the court's treatment of Cuadra-Nunez's claim debatable or wrong and that the claim deserves no encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 123], DISMISSES Cuadra-Nunez's section 2255 motion [D.E. 118], DENIES Cuadra-Nunez's motion for a hearing and appointment of counsel [D.E. 119], and DENIES a certificate of appealability.

SO ORDERED. This 15 day of January 2019.

JAMES C. DEVER III
United States District Judge